**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**NOV 1 2 1999**

LARRY W. PROPES, CLERK
COLUMBIA, S. C.

| | |
|---|---|
| Brenda Blizard, ) | Civil Action No.: 3-99-2208-17 |
| ) | |
| Plaintiff, ) | |
| ) | **ENTERED** |
| vs. ) | |
| ) | **NOV 1 2 1999** |
| The University of South Carolina, ) | |
| Marcia Grosse Welsh and Richard ) | |
| Benjamin Lawhon, in their individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

## CONSENT PROTECTIVE ORDER

This lawsuit involves claims by plaintiff, Brenda Blizard, against defendants, University of South Carolina and Marcia Grosse Welsh and Richard Benjamin Lawhon, in their individual capacities. As the parties engage in discovery, they desire to ensure that certain information provided, released, exchanged, or reviewed during discovery is not used for any purpose unrelated to this lawsuit or otherwise disclosed improperly, and the parties seek to ensure that confidential and proprietary information is sufficiently protected. Based on these concerns, and in consideration of the mutual benefits which each party will realize as a result of the exchange of the information, the parties agree to the following provisions regarding the discovery of information, documents, items, etc. which are responsive to Plaintiff's Requests for Production during the discovery of this lawsuit and continuing through trial.

Pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure and upon agreement of counsel, it is hereby ORDERED that:



A. The "CONFIDENTIAL" designation may be applied by writing, typing, or stamping on the face of such material, information or document the word "CONFIDENTIAL," or by otherwise notifying counsel for the parties in writing. In the event "CONFIDENTIAL" is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately bound, and the word "CONFIDENTIAL" shall be placed thereon.

B. If confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production, designate the material as "CONFIDENTIAL." In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation.

C. Should a party object to the designation of any material as "CONFIDENTIAL" that party may apply to the Court for a ruling on the propriety or legitimacy of the designation. Until the Court enters an order, if any, changing the designation of the material, it shall be treated as confidential as provided in this Order.

D. Except upon further order of the Court or upon mutual written agreement of all parties, "CONFIDENTIAL," and additional information derived therefrom, shall be disclosed only to the parties, counsel for the parties in this action (their legal assistants and other staff members), experts (including in-house experts) consulted or assisting the parties in this action, and the Court.

E. All "CONFIDENTIAL," and additional information derived therefrom, shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

F.   Prior to making disclosures to experts or other persons permitted access pursuant to paragraph D above, the party or counsel shall inform any persons to whom disclosure is made that "CONFIDENTIAL" shall be used for the purposes of the prosecution or defense of this action only, and the party or counsel shall obtain from such persons a written statement in the form of Exhibit A, attached hereto, to the effect that they have read this Order and agree to be bound by its provisions.  The party or counsel shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control all of the written statements signed by those persons.  All "CONFIDENTIAL," and any documents containing information derived therefrom, including copies of such documents, shall be returned to the party or counsel by persons given access thereto as soon as practicable.

G.   Any material, information, or documents identified as "CONFIDENTIAL," which are used in a pretrial motion shall be filed in sealed containers, containing a general description of the contents, and a statement that "The contents hereof are confidential and may be revealed only by the Court or upon prior written consent of [counsel for the party or witness designating the material "CONFIDENTIAL."] The Clerk of Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court.  However, such information shall continue to be available to the Court and to such persons as are permitted access to information under paragraph D, above.

H.   Each person who receives "CONFIDENTIAL" submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for purposes of the enforcement of this Order.

**IT IS SO ORDERED.**

*/s/ Joseph F. Anderson*
Joseph F. Anderson, Jr.
United States District Judge

*November 10, 1999*
Date


WE SO MOVE:

ELLZEY & BROOKS, LLC

By: */s/ Catherine Brawley*
Jonathan P. Pearson (3027)
Catherine McCabe Brawley (7338)
Attorney for Defendants,
University of South Carolina and
Welsh and Lawhon, in their
individual capacities


WE SO CONSENT:

CROMER & MABRY

By: */s/ J. Lewis Cromer*
J. Lewis Cromer
Attorney for Plaintiff

4

## EXHIBIT A

Agreement concerning material covered by a Consent Protective Order entered by the United States District Court for the District of South Carolina.

The undersigned hereby acknowledges: (1) that she/he has read the Consent Protective Order entered by the Court on _____, 1999, in the civil action entitled *Brenda Blizard v. The University of South Carolina and Marcia Grosse Welsh and Richard Benjamin Lawhon, in their individual capacities*, Civil Action No.: 3:99-2208-17; (2) that she/he understands the terms thereof; and (3) that she/he agrees to be bound by such terms.

The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the District of South Carolina with regard to this Protective Order and that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

_____
Print/type name